Daniel DeNardo
P.O. Box 100682
Anchorage, Alaska 99510
Tele. 751-4803

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT

Daniel DeNardo,
    Plaintiff,
vs.
Linda Winkelman,
Patrick Skuza,
Alaska Independence Party,
    Defendants.

Case No. 3AN-05-

## Common Law Action and Demand of Trial By Jury

### I. Jurisdiction

General jurisdiction arises under Art. IV § 3 of the Alaska Constitution and Art. V § 3, Elections.

### II. Parties

1. Daniel DeNardo is a resident of the Alaska.
2. Linda Winkleman is a resident of Alaska.
3. Patrick Skuza is a resident of Alaska.
4. The Alaska Independence Party is a registered association under the laws of Alaska.

1

EXHIBIT A PAGE 1 OF 4 PAGES

### III. Cause of Action

1. Daniel DeNardo stood for election as senator for Alaska in the 2004 national elections.

2. DeNardo stood for election as senator for Alaska in the 2004 national election as a certified member of the Alaska Independence Party.

3. The Division of Elections certified DeNardo's Declaration of Candidacy for national senator as a member of the Alaska Independence Party on the 2004 Primary Election Ballot.

4. Linda Winkelman was chairman of the Alaska Independence Party.

5. Patrick Skuza was the vice-chairman of the Alaska Independence Party.

6. Winkelman, Skuza, and the Alaska Independence Party defamed DeNardo by publishing throughout Alaska in newspapers and on the electronic web accusations that DeNardo was committing and had committed election fraud under state and national law.

7. Winkelman, Skuza, and the Alaska Independence Party defamed DeNardo by calling into live radio interviews hosting DeNardo and accusing DeNardo of election fraud under state and national law.

8. Winkelman, Skuza, and the Alaska Independence Party continually repeated their defamatory accusations in public throughout Alaska.

7-1-05

9. Election fraud is a crime under Alaska and national election law.

10. Defendants committed per se defamation of DeNardo.

11. Defendants acted with deliberate indifference and reckless disregard of DeNardo's rights to stand for election as senator in the national elections under Alaska and national election laws.

12. Defendants acted with intentional malice and fraud to hinder DeNardo's constitutional rights to stand for election as senator for Alaska in the national election in 2004 under Alaska and national election laws.

13. DeNardo suffered mental anguish, anxiety, humiliation, sleeplessness, and general ill feeling because of defendants' defamatory acts.

### IV. Damages

1. DeNardo demands compensatory damages of $5,000,000.00, for mental anguish, sleeplessness, humiliation, and anxiety.

2. DeNardo demands punitive damages of $5,000,000.00 for defendants' defamatory acts done with deliberate indifference and reckless disregard.

### V. Demand of Trial By Jury

1. DeNardo demands trial by jury on all issues.

EXHIBIT A PAGE 3 of 4

7-1-05

Dated 1 July 2005.

Signed under penalties of perjury, no notary available, under AS 9.63.020 based on personal knowledge as true and correct.

*Daniel DeNardo*

Daniel DeNardo