Michael A. Barnhill, Esq.
Alaska Department of Law
P.O. Box 110300
Juneau, AK 99811
(907) 465-4118 phone
(907) 465-2520 facsimile
Mike_Barnhill@law.state.ak.us

Counsel for Defendants

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ALASKAN INDEPENDENCE PARTY, LINDA WINKELMAN, ALASKA LIBERTARIAN PARTY, INC., and SCOTT KOHLHAAS,<br><br>    Plaintiffs,<br><br>vs.<br><br>STATE OF ALASKA, DIVISION OF ELECTIONS; and LOREN LEMAN Lieutenant Governor,<br><br>    Defendants. | **OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**<br>**(Fed R. Civ. Proc. 56)**<br><br>Case No. 3:06-CV-00040 TMB |

    The Alaskan Independence and Alaska Libertarian Parties seek summary judgment on their complaint. While there are no genuine issues of material fact in this matter, plaintiffs have failed to demonstrate that they are entitled to judgment as a matter of law. Accordingly, defendants respectfully request that plaintiffs' motion for summary judgment be denied. By a separate accompanying pleading, defendants reply in support of their motion to dismiss, and respectfully request therein that plaintiffs' complaint be dismissed with prejudice.

ATTORNEY GENERAL, STATE OF ALASKA
DIMOND COURTHOUSE
P.O. BOX 110300, JUNEAU, ALASKA 99811
PHONE: 465-3600

OPPOSITION TO MOTION FOR SUMMARY JUDGMENT    PAGE 1 OF 14
AK Independ. Party, et al. v. State of AK, Div. of Elections, & Lt. Gov. Leman  Case No. 3:06-CV-00040 TMB

## I. SUMMARY JUDGMENT STANDARD

This court has recently articulated the summary judgment standard as follows:

> Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party always bears the burden of demonstrating the absence of a material issue of fact. *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548. The moving party need not present evidence; it need only point out the lack of any genuine dispute as to material fact. *Id.* at 323-325, 106 S.Ct. 2548. Once the moving party meets this burden, the non-moving party must set forth evidence of specific facts showing the existence of a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). All evidence presented by the non-movant must be believed for purposes of summary judgment, and all justifiable inferences must be drawn in favor of the non-movant. *Id.* When the parties submit cross-motions for summary judgment on the same claim, the court must consider the appropriate evidentiary material identified and submitted in support of both motions, and in opposition to both motions, before ruling on each of them. *Fair Housing Council of Riverside County, Inc. v. Riverside Two*, 249 F.3d 1132, 1135 (9th Cir.2001).

*U.S., ex rel. North Star Terminal & Stevedore Co. v. Nugget Constr. Inc.*, No.3:98-CV-9 TMB, 2006 WL 2168816 (D. Alaska July 28, 2006). In this case, there is no genuine issue of material fact, but the Alaskan Independence and Alaska Libertarian Parties have failed to show they are entitled to judgment as a matter of law.

## II. THERE ARE NO GENUINE ISSUES OF MATERIAL FACT

As noted above, the State does not believe there are any genuine issues of material fact in this matter. That is not to say, however, that the State entirely agrees with all of the factual representations in the plaintiffs' pleadings. For instance, the plaintiffs characterize Mr. Don Wright as a "usurper" and declare that "[t]he Democrat political philosophy is about as far away as one can get from the AIP philosophy. In

other words, a Democrat representing the AIP is ridiculous. . . . Apparently Mr. Wright has no real political philosophy at all, other than expediency." Plaintiffs' Motion for Summary Judgment at 2. Further on, the plaintiffs characterize Mr. Frank Vondersaar as "the only real Democrat" in the 2006 democratic primary election for U.S. Representative. *Id.*

The State is not in a position to comment on the accuracy of these allegations, nor does it need to. As supervisor of the primary election process, the State does not involve itself in matters of party ideology or the ideological compatibility of candidates with their parties. Thus, factual statements regarding candidate ideology are irrelevant.

That being said, the facts regarding the 2006 Alaskan Independence and Alaska Libertarian Parties' candidates and primary elections are set forth in the attached affidavit of the Director of Elections, Whitney H. Brewster. *See* Exhibit A. According to Ms. Brewster, both the Alaskan Independence and the Alaska Libertarian Parties elected to have open primaries in 2006—meaning that any registered voter, regardless of party affiliation could vote in those primaries. *See* Exhibit A at ¶¶ 5, 27; AS 15.25.014.

Mr. Don Wright won the Alaskan Independence Party primary election for governor, beating Mr. Burke and Mr. DeNardo. *See* Exhibit A at ¶ 20. According to Division of Elections records, the dates of these candidates' affiliation with the Alaskan Independence Party are as follows:

    Eddie Burke:      June 1, 2004
    Daniel DeNardo:   September 24, 2001
    Don Wright:       May 31, 2006

*Id.* at ¶¶ 8, 10, 12.

According to the Division's records the remaining Alaskan Independence Party candidates affiliated with the party as follows:

| | |
|---|---|
| Douglas Welton (Lt. Gov.): | June 1, 2006 |
| John Osborne (H. Dist. 33): | June 1, 2006 |
| Robert Pope (H. Dist. 33): | June 1, 2006 |

Exhibit A at ¶¶ 14, 16, 18. Mr. Osborne won the primary election race for House District 33. *Id.* at ¶ 21.

With respect to the Alaska Libertarian Party's 2006 primary, the Division's records reveal that their candidates affiliated with the party as follows:

| | |
|---|---|
| William Toien (Gov.): | April 17, 2006 |
| Robert Mirabal (Lt. Gov.): | May 19, 2006 |
| Alexander Crawford[1] (U.S. Rep.): | April 5, 2006 |
| Sol Gerstenfeld (U.S. Rep.): | June 1, 2006 |
| Scott Kohlhaas (H. Dist. 20): | September 18, 1997 |

*Id.* at ¶¶ 30, 32, 34, 36, 38. Mr. Crawford won the primary election race for U.S. Representative. *Id.* at ¶ 41.

A few of these candidates have a history of changing party affiliation somewhat frequently. *See id.* at ¶ 12 (Don Wright); ¶ 30 (William Toien); ¶ 34 (Alexander Crawford); *see also* Attachment 2 to Exhibit A. There does not, however, appear to be a correlation between the date of a candidate's affiliation with the plaintiffs and whether that candidate is "approved" or not. Thus, for instance, Mr. Burke was apparently endorsed by the Alaskan Independence Party even though he has not been affiliated with the party as long as Mr. DeNardo, who was not approved. Likewise, Mr. Toien

---

[1] Plaintiffs state that Mr. Crawford and Mr. Gerstenfeld were running for governor. Plaintiffs' Motion for Summary Judgment at 2. The State believes that the plaintiffs will acknowledge this statement as a clerical error that does not create a material issue of genuine fact.

OPPOSITION TO MOTION FOR SUMMARY JUDGMENT                                PAGE 4 OF 14
*AK Independ. Party, et al. v. State of AK, Div. of Elections, & Lt. Gov. Leman*   Case No. 3:06-CV-00040 TMB

was apparently not objectionable to the Alaska Libertarian Party even though he has switched his registration between the Alaska Libertarian Party and the Alaskan Independence Party multiple times. And Mr. Welton was approved by the Alaskan Independence Party even though his affiliation was even more recent (albeit one day) than Mr. Wright's.

### III.  LACK OF CASE OR CONTROVERSY

The State contends that this case should be dismissed because plaintiffs have failed to allege facts that form the basis of a case or controversy. *See* Defendants' Motion to Dismiss at 5-7. In their opposition to the defendants' motion to dismiss and in their motion for summary judgment, the Alaskan Independence and Alaska Libertarian Parties have declined to respond to the State's point that they have alleged no conflict between their bylaws and Alaska state election law. Therefore, this case is governed by *Ross v. State of Alaska*, 189 F.3d 1107, 1114 (9th Cir. 1999), *cert. denied*, 528 U.S. 1155 (2000), and should be dismissed for lack of case or controversy. *See* Defendants' Motion to Dismiss at 5-6.

The State acknowledges that the plaintiffs complain that Mr. Wright and Mr. DeNardo do not meet minimal bylaw requirements to be candidates. *See* Plaintiffs' Motion for Summary Judgment at 2. But plaintiffs do not describe what those bylaw requirements are. Review of the Alaskan Independence Party's bylaws reveals that the only bylaw requirement for filing as an Alaskan Independence Party candidate is to "be a registered member[] of the Alaskan Independence Party at the time of filing." Sec. 4.22, Bylaws of the Alaskan Independence Party (Exhibit A at 5, Defendants' Motion to Dismiss).

Mr. Wright was a registered member of the Alaskan Independence Party at the time he filed his declaration of candidacy. *See* Exhibit A at ¶ 12 (Affidavit of Whitney H. Brewster). Likewise, Mr. DeNardo was a registered member of the Alaskan Independence Party at the time he filed his declaration of candidacy. *Id.* at ¶ 10. Moreover, the Alaskan Independence Party's bylaws explicitly recognize the possibility that there can be candidates that the party will decline to endorse. Sec. 4.22, Bylaws of the Alaskan Independence Party. And as defendants previously observed, nomination by convention is not required by the Alaskan Independence Party's bylaws. *Id.* at sec. 5.15.

The Alaskan Independence Party has chosen to have an open primary—meaning that anyone can vote for an Alaskan Independence Party candidate, be they a registered member of the Alaskan Independence, Democratic, Green or Republican Parties. *Id.* at Art. IX and sec. 9.01; *see also* Exhibit A at ¶ 5 (Affidavit of Whitney Brewster). Thus, the Alaskan Independence Party's concern that "a Democrat representing the AIP is ridiculous" seems to be somewhat incongruous with the party's bylaw that expressly allows members of the Democratic Party to vote in the Alaskan Independence Party's primary by virtue of its choosing to open its 2006 primary. Given that, it is not at all surprising that a candidate like Mr. Wright, who has an apparent affinity with both the Democratic and Alaskan Independence Parties, would win in an open primary—Mr. Wright likely attracted the attention of voters who were members of the Democratic Party who may have recognized his name from previous elections. If this result is problematic to the Alaskan Independence Party, the solution is obvious—it should close its primary as it is permitted to do under Alaska law. *See* AS 15.25.014.

With respect to the Alaska Libertarian Primary, the plaintiffs have failed to articulate a case or controversy, either in their complaint or in their motion for summary judgment. Indeed, the lack of complaint suggests that the 2006 primary worked as it was supposed to. There was one competitive race in the primary—for U.S. Representative. *See* Exhibit A at ¶¶ 33-36. Mr. Crawford won. *Id.* at ¶ 41. The Alaska Libertarian Party elected to have an open primary. *Id.* at ¶ 27. Accordingly, the members of the Alaska Libertarian Party as well as any other registered voter, all had an equal opportunity to participate in that primary and cast their vote. The voters chose Mr. Crawford—a victory not only for Mr. Crawford but also for a neutral and fair electoral process. Again, if the Alaska Libertarian Party is worried about ensuring ideological compatibility of their candidates with their party, the best way to effect that is to close their primary as it is permitted to do under AS 15.25.014.

The bottom line here is that there is no case or controversy in this matter. There is no conflict between these parties' bylaws and Alaska election law. The State respectfully requests denial of the plaintiffs' motion for summary judgment and dismissal of plaintiffs' complaint.

IV. **THE ALASKA MANDATORY DIRECT PRIMARY IS CONSTITUTIONAL**

As the State has set forth in its motion to dismiss, Alaska's mandatory direct primary is constitutional. *See* State's Motion to Dismiss at 7-16. The U.S. Supreme Court has repeatedly endorsed the primary process: "We have considered it 'too plain for argument,' for example, that a State may require parties to use the primary format for selecting their nominees, in order to assure that intraparty competition is resolved in