Kenneth P. Jacobus, Esq.
KENNETH P. JACOBUS, P.C.
310 K Street, Suite 200
Anchorage AK 99501-2064
(907) 277-3333 - phone
(907) 264-6666 - fax
kpjlaw@yahoo.com

Counsel for Plaintiffs

## THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ALASKAN INDEPENDENCE PARTY, LINDA WINKELMAN, ALASKA LIBERTARIAN PARTY, INC., and SCOTT KOHLHAAS | ) ) ) ) |
| Plaintiffs, | ) **REPLY TO OPPOSITION** ) **TO MOTION FOR** ) **SUMMARY JUDGMENT** ) |
| vs. | ) ) |
| STATE OF ALASKA, DIVISION OF ELECTIONS; and LOREN LEMAN, Lieutenant Governor, | ) ) ) ) |
| Defendants. | ) ) Case No. 3:06-CV-00040 TMB |

The primary election is one method by which a political party selects those candidates which will represent that party as its candidates for public office in the general election. As set forth in Washington State Republican Party v. State of Washington, 460 F.3d 1108 (9th Cir., August 22, 2006):

> A political primary is often thought of as a "meeting of the registered voters of a political party for the purpose of nominating candidates . . ."; and a common definition of a primary election is a "preliminary election in which voters nominate party candidates for office." American Heritage College Dictionary 1086 (3d ed. 2000). The Supreme Court has characterized a candidate nominated in a primary as the party's "standard bearer," Timmons v. Twin Cities Area New Party, 520 U.S. 351, 359, 117 S.Ct. 1364, 137 L.Ed.2d 589 (1977), or "ambassador to the general electorate in winning it over to the party's views," Jones, 530 U.S. at 575.

The law related to primary elections is not complicated as it is applied to this case.

Under current law, a state may require that political party candidates participate in a primary

KENNETH P. JACOBUS, P.C.
310 K STREET, SUITE 200
ANCHORAGE AK 99501-2064
TELEPHONE (907) 277-3333

election process in order to be the candidates of the political party in the general election. e.g. California Democratic Party v. Jones, 530 U.S. 567, 572 (2000); Clingman v. Beaver, 544 U.S. 581 (2005). If the party is required to participate in a primary election , then there are certain associational rights that the state cannot violate.

First, the political parties and not the state determines who may vote for party candidates in a primary election. e.g. California Democratic Party v. Jones, 530 U.S. 567, 572 (2000); Tashjian v. Republican Party of Connecticut, 479 U.S. 208 (1986); O'Callaghan v. State of Alaska, 914 P.2d 1250 (Alaska 1996). This principle is well-settled, and is not involved in this case.

Second, as a separate associational right, the political parties and not the state determine who may participate as candidates in a primary election. In particular, the state may not force a political party to allow candidates to run in a party's primary election if those candidates are objectionable to the political party. Washington State Republican Party v. State of Washington, 460 F.3d 1108 (9th Cir., August 22, 2006). This particular associational right is the one being violated by the State of Alaska, and the one which the plaintiffs are asking this Court to protect in this case.

In addition, the Supreme Court has recognized that the states are not to interfere in the internal affairs of the political parties. e.g. Eu v. San Francisco County Democratic Central Committee, 489 U.S. 214 (1989). Eu held that a state's ban on state political party endorsements of candidates in primary elections and regulations on the internal affairs of state political parties violated the free speech and associational rights of the political parties. While this principle is peripherally applicable here and illustrates the great deference given by the judiciary to the rights of the political parties to determine and support their candidates in the manners that the political parties themselves deem appropriate.

## I. A Case or Controversy Clearly Exists.

In its statement of the material facts beginning at page 2 of its opposition, the State discussed various party shifts that have been made by various candidates. This is another problem caused by

KENNETH P. JACOBUS, P.C.
310 K STREET, SUITE 200
ANCHORAGE AK 99501-2064
TELEPHONE (907) 277-3333

the State.  Under current state law, the parties have no control over who may be members of the parties for the purposes of voting.  The self-designation as a party member leads to the problem of self-designation as the party candidate.  Whether or not a party chooses to endorse a particular candidate, or allow that candidate to participate in the party primary, has nothing to do with when or how often a person may have changed parties.  It has to do with that person's political beliefs and actions, and who is appropriate for the party to endorse in any given election.  Who a party may choose to endorse depends in a great degree on what options are available to it at the time.  In any event, however, this is the business of the party and not of the state.

Beginning at page 5, the State argues that there is no case or controversy because the plaintiffs have not alleged that there is any conflict between their bylaws and the State of Alaska election laws, claiming in particular that there is no conflict between the State of Alaska statutes and the bylaws of the Alaskan Independence Party.  In fact, there is very clearly a conflict between the State statues and bylaw provision 5.15., which specifically provides, in part, that "Only thsoe candidates endorsed by the Alaskan Independence Party may run as Alaskan Indpendence Party's candidates in the primary or general elections in the State of Alaska."  (See Exhibt E, page 2 of 3, to the Plaintiff's Motion for Summary Judgment)  The State statute is directly in conflict with this bylaw.

At page 6, the State argues that since the AIP determined to allow all voters to participate in its primary, that it must allow all candidates to do so also.  This is a complete red herring.  These concepts are totally unrelated to one another.  Who may vote to choose between endorsed candidates is totally different from who may be an endorsed candidate.  In addition, a party does not have to close its primary in order to determine who its candidates are.

The same principles apply to the Libertarian Party of Alaska.  It does not have to close its primary in order to determine who its candidates are going to be.  In fact, the Libertarian Party objects entirely to a primary, and desires to choose its own candidates.  While the primary still exists,

3