the Libertarians clearly want to choose their own candidates to participate in that primary. In fact, they specifically reserve the right to endorse and dissociate themselves from candidates. (Bylaw section XI(d), Exhibit E page 1 of 3 to Motion for Summary Judgment)  For the State to argue that this does not mean that an unapproved candidate cannot be on the ballot is an interpretation of the bylaws and practice of the Libertarian Party, and an interference in its internal affairs, in violation of <u>Eu v. San Francisco County Democratic Central Committee</u>, 489 U.S. 214 (1989) .

In any event, there is certainly a case or controversy.

### II. <u>Washington State Republican Party</u> controls this case.

The decision of the Court of Appeals for the Ninth Circuit in <u>Washington State Republican Party v. State of Washington</u>, 460 F.3d 1108 (9th Cir., August 22, 2006) controls this case. While the State of Alaska has made strenuous efforts to distinguish this case in an attempt to uphold a blatantly unconstitutional statute, this case is simply not distinguishable.

Several pertinent quotes from this case follow:

> ...... the Initiative retains a partisan primary, in which each candidate may self-identify with a particular party regardless of that party's willingness to be associated with that candidate. The State of Washington and Initiative 872's sponsor, the Washington State Grange (the Grange), have not identified any compelling state interests -- apart from those the Supreme Court rejected in *Jones* -- that would justify the Initiative's severe burden on the political parties' associational rights....

> Freedom of association would prove an empty guarantee if associations could not limit control over their decisions to those who share the interests and persuasions that underlie the association's being." <u>Democratic Party of United States v. Wisconsin, 450 U.S. 107, 122 n.22, 67 L. Ed. 2d 82, 101 S. Ct. 1010 (1981)</u> (quoting Laurence H. Tribe, American Constitutional Law 791 (1978)). Neither voters nor political candidates can force a political party to accept them against the will of the party. See <u>Tashjian, 479 U.S. at 215 n.6</u> ("[A]nonmember's desire to participate in the party's affairs is overborne by the countervailing and legitimate right of the party to determine its own membership qualifications."); *see also* <u>Duke v. Cleland, 954 F.2d 1526, 1531 (11th Cir. 1992)</u> ("[David] Duke has no right to associate with the Republican Party if the Republican Party has identified Duke as ideologically outside the party.")...

> Whether or not the primary candidate is a party's nominee, any candidate may appear on the ballot showing that party as his or her "preference" and (if one of the two top vote getters) may emerge as the only one bearing that designation in the general election. Whether or not

KENNETH P. JACOBUS, P. C.
310 K STREET, SUITE 200
ANCHORAGE AK 99501-2064
TELEPHONE (907) 277-3933

the party wants to be associated with that candidate, the party designation is a powerful, partisan message that voters may rely upon in casting a vote -- in the primary and in the general election. The Initiative thus perpetuates the "constitutionally crucial" flaw Jones found in California's partisan primary system. Not only does a candidate's expression of a party preference on the ballot cause the primary to remain partisan, but in effect it forces political parties to be associated with self-identified candidates not of the parties' choosing. This constitutes a severe burden upon the parties' associational rights....

.....[a] statement of party preference on the ballot is more than mere voter information. It represents an expression of partisanship and occupies a privileged position as the only information about the candidates (apart from their names) that appears on the primary ballot. Moreover, it also carries over onto the general election ballot....

Given that the statement of party preference is the *sole* indication of political affiliation shown on the ballot, that statement creates the impression of associational ties between the candidate and the preferred party, irrespective of any actual connection or the party's desire to distance itself from a particular candidate....

Initiative 872 severely burdens the Washington political parties' associational rights by allowing all candidates to state their party preferences on the primary ballot. This one-sided statement of party preferences on the ballot has the potential to force a political party into an unwanted association with a candidate who may be anathema to everything the party stands for. We hold that Initiative 872 is unconstitutional in its entirety because the party preference provisions are not severable from the rest of Initiative 872 under Washington law.

There is no relevant difference which justifies the violation of the associational rights of Alaskan political parties. Both primaries are partisan. The burden created by unacceptable candidates is identical. The State suggests that the parties may participate in an open primary if they desire to do so, but there is no legal principle that says that a party must participate in something that is unconstitutional in order to protect its constitutional rights in another area. None of the State's arguments in favor of its candidate self-designation primary system justifies its system in light of the associational rights of political parties as set forth in Washington State Republican Party v. State of Washington, 460 F.3d 1108 (9th Cir., August 22, 2006).

## Conclusion

The motion for summary judgment should be granted, and the previously proposed order entered. This order recognizes the previous unconstitutionality of AS 15.25.030, but provides

5

relief which is prospective only, and protects the results of previous elections. It invalidates AS 15.25.030 in its entirety because the constitutional validity affects the entire statute. It provides that the parties shall use their own rules and bylaws to select their own candidates for the primary election ballot. Finally, it provides necessary implementation provisions.

DATED this 12th day of October, 2006

KENNETH P. JACOBUS, P.C.
Attorney for Plaintiffs

By /s/ Kenneth P. Jacobus
KENNETH P. JACOBUS, P.C.
310 K Street, Suite 200
Anchorage AK 99501-2064
Phone: (907) 277-3333
Fax: (907) 264-6666
E-mail: kpjlaw@yahoo.com
ABA No. 6911036

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he mailed a true copy of this Reply to Opposition on October 12, 2006, to:

Mike Barnhill, AAG
Office of the Attorney General
P.O. Box 110300
Juneau AK 99811-0300

Kenneth P. Jacobus

6