IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

ALASKA INDEPENDENCE PARTY,
LINDA WINKELMAN, ALASKA
LIBERTARIAN PARTY, and SCOTT
KOHLHAAS,

                Plaintiffs,

     vs.

STATE OF ALASKA, DIVISION OF
ELECTIONS; and LOREN LEMAN,
Lieutenant Governor,

                Defendants.

Case No. 3:06-cv-00040 TMB

ORDER GRANTING SUMMARY
JUDGMENT IN FAVOR OF DEFENDANTS

## I.  MOTION PRESENTED

Plaintiffs complain that Defendants are administering elections in a manner that allows persons to declare themselves candidates for public offices representing Alaska political parties over the parties' objections or when the candidates violate the political parties' bylaws or rules relating to candidate selection.  This, they argue, violates both the Alaska and United States Constitutions.  Plaintiffs seek a judgment declaring that political parties, not the State of Alaska, have the right to determine how party candidates on ballots are selected, and that Alaska must allow parties to select candidates for the general election in a manner acceptable to the party.

Defendants move to dismiss, arguing that there is no case or controversy because the complaint fails to allege any facts as to how Alaska's selection processes conflict with Alaska law and because the complaint does not identify specific candidates to whom Plaintiffs object. Defendants also claim that the primary procedure is a legitimate and constitutional selection process.

Plaintiffs also move for summary judgment, arguing that the Ninth Circuit's decision in *Washington State Republican Party v. State of Washington* ("*Washington*")[1] entitles them to judgment as a matter of law.

The Court heard oral argument on January 18, 2007.  After considering the parties' briefs and arguments, the Court finds that Plaintiffs have adequately alleged a case or controversy. Therefore, the Court declines to dismiss on that basis.  But since there are no genuine issue of material fact and the Court concludes that Defendants are entitled to judgment as a matter of law, the Court hereby grants summary judgment in favor of Defendants.[2]

## II.  DISCUSSION

### A.    Plaintiffs Have Adequately Alleged A Case or Controversy.

A dismissal under Rule 12(b)(6) is appropriate if the Plaintiffs can prove no set of facts in support of their claims entitling them to relief.[3]  The Court accepts as true all well pleaded facts in the complaint and construes them in the light most favorable to the nonmoving party.[4]

For a case to be justiciable under Article III of the Constitution, it must be ripe for review.[5] When Plaintiffs seek declaratory relief, "the relevant inquiry is whether there is a 'substantial

---

[1]    460 F.3d 1108 (9th Cir. 2006).

[2]    Under Federal Rule of Civil Procedure 12(b), if on a motion to dismiss for failure to state a claim, "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."  Since the precise legal issues raised by the motion to dismiss were briefed and argued by the parties in connection with Plaintiffs' motion for summary judgment, and documents and arguments made in connection with the motion for summary judgment were duplicated or referenced in the briefing on Defendants' motion to dismiss, Defendants' motion to dismiss will be treated as one for summary judgment.

[3]    *Karam v. City of Burbank*, 352 F.3d 1188, 1192 (9th Cir. 2003).

[4]    *ASW v. Oregon*, 424 F.3d 970, 974 (9th Cir. 2005).

[5]    *Aydin Corp. v. Union of India*, 940 F.2d 527, 528 (9th Cir.1991).

controversy ··· of *sufficient immediacy and reality* to warrant the issuance of a declaratory judgment.'"[6]

Defendants argue that this case should be dismissed because Plaintiffs do not sufficiently allege a case or controversy because they do not identify procedures they have adopted that conflict with Alaska law, nor do they indentify any candidates advancing to the general election to whom Plaintiffs objected.  They rely on *Ross v. State of Alaska*, where the Ninth Circuit affirmed dismissal of claims of minor political parties for lack of ripeness because the minor parties failed to identify any of their rules that conflicted with the State's primary system and presented no other evidence of an actual case or controversy.[7]

Plaintiffs' complaint here alleges that Defendants are administering elections in violation of the party bylaws, and at least with respect to the Alaska Independence Party, have pointed to a specific provision of their bylaws conflicting with Alaska law.  Alaska Independence Party's bylaw provision 5.15 states:

> In any election for public office where the Alaskan Independence Party is authorized by law to nominate a candidate, the State Committee shall be empowered to present a nominee in the name of the Alaskan Independence Party, or to reject any candidate not in compliance with these bylaws.  Only those candidates endorsed by the Alaskan Independence Party may run as Alaskan Independence Party's candidates in the primary or general election in the State of Alaska.

While Defendants are correct that in *Ross* the Ninth Circuit concluded that a prior version of the first sentence of the Alaska Independence Party's bylaw provision 5.15 did not conflict with an earlier version of Alaska's primary law, *Ross* is distinguishable because it did not address the broader language of the second paragraph of bylaw provision 5.15.  The second sentence is severable from the first and does conflict with the language of AS 15.25.130, which permits members of a party to declare themselves candidates of the party without an endorsement.  Furthermore, Plaintiffs have named specific candidates who were not endorsed by the parties but who were named as candidates in the 2006 primary elections.  The Court therefore declines to dismiss the complaint for failure to allege a case or controversy.

---

[6]     *Ross v. Alaska*, 189 F.3d 1107, 1114 (9th Cir. 1999)(*quoting Aydin Corp.,* 940 F.2d 527 at 528.)(emphasis in original).

[7]     *Id.*

**B.       AS 15.25.130 Is Constitutional**

Summary judgment is appropriate if, when viewing the evidence in the light most favorable to the nonmoving party, there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law.[8]  Because the parties do not contend that there are any genuine issues of material fact, the analysis turns on whether either party is entitled to judgment as a matter of law.

Plaintiffs contend that AS 15.25.010 et. seq. violates their associational rights because AS 15.25.030 allows persons to designate themselves as candidates for public offices representing Alaska political parties even if the political parties object to those candidates.  They also argue that the Ninth Circuit's decision in *Washington* controls, entitling them to judgment as a matter of law.  But the statute before the court in *Washington* differs in constitutionally significant ways from the Alaska statute Plaintiffs challenge, and independent assessment of the Alaska statute is necessary.

While  "partisan political organizations enjoy freedom of association protected by the First and Fourteenth Amendments,"[9] "[n]ot every electoral law that burdens associational rights is subject to strict scrutiny,"[10] which "is appropriate only if the burden is severe."[11]   When assessing the constitutionality of a state electoral law, courts therefore:

> weigh the character and magnitude of the burden the State's rule imposes on those rights against the interests the State contends justify that burden, and consider the extent to which the State's concerns make the burden necessary. Regulations imposing severe burdens on plaintiffs' rights must be narrowly tailored and advance a compelling state interest. Lesser burdens, however, trigger less exacting review, and a State's important regulatory interests will usually be enough to justify reasonable, nondiscriminatory restrictions.[12]

---

[8]       FED R. CIV. P. 56(c); *Lopez v. Smith,* 203 F.3d 1122, 1131 (9th Cir. 2000).

[9]       *Eu v. San Francisco County Democratic Cent. Comm.*, 489 U.S. 214, 224 (1989).

[10]       *Clingman v. Beaver*, 544 U.S. 581, 592 (2005).

[11]       *Id.*

[12]       *Washington*, 460 F.3d at 1116 (*citing Timmons v. Twin Cities Area New Party*, 520 U.S. 351, 358 (1997)).

4

As a preliminary matter, the character and magnitude of the burden imposed by the Washington initiative differs from that of any burden imposed by the Alaska statute.  In *Washington*, the Ninth Circuit considered the constitutionality of a Washington ballot initiative which permitted candidates for a public office to self-identify a particular party "preference" irrespective of any actual connection with the party or the parties' approval of the candidate.[13]  Under the Washington initiative, only the two candidates with the greatest number of votes in the primary, regardless of party preference, would advance to the general election.[14]  The Ninth Circuit held that the initiative imposed a severe burden on the Washington state political parties' associational rights, reasoning:

> By including candidates' self-identified political party preferences on the primary ballot, Washington permits all voters to select individuals who may effectively become the parties' standard bearers in the general election. Whether or not the primary candidate is a party's nominee, any candidate may appear on the ballot showing that party as his or her "preference" and (if one of the two top vote getters) may emerge as the only one bearing that designation in the general election. Whether or not the party wants to be associated with that candidate, the party designation is a powerful, partisan message that voters may rely upon in casting a vote in the primary and in the general election. The Initiative thus perpetuates the "constitutionally crucial" flaw [the Supreme Court's decision in *California Democratic Party v. Jones*] found in California's partisan primary system. Not only does a candidate's expression of a party preference on the ballot cause the primary to remain partisan, but in effect it forces political parties to be associated with self-identified candidates not of the parties' choosing. This constitutes a severe burden upon the parties' associational rights.[15]

The court further explained:

> Given that the statement of party preference is the *sole* indication of political affiliation shown on the ballot, that statement creates the impression of associational ties between the candidate and the preferred party, irrespective of any actual connection or the party's desire to distance itself from a particular candidate. The practical result of a primary conducted pursuant to Initiative 872 is that a political party's members are unilaterally associated on an undifferentiated basis with all candidates who, at their discretion, "prefer" that party.[16]

While the court in Washington determined that the initiative imposed a severe burden on the political parties' associational rights, any burden the Alaska statute imposes is markedly less severe. Under AS 15.25.030, a candidate must be a member of the political party whose nomination is being sought.

---

[13]     *Id.* at 1114.

[14]     *Id.*

[15]     *Id.* at 1118 -1119.

[16]     *Id.* at 1119-1120.

AS 15.25.030, Declaration of candidacy, provides in relevant part:

(a) A member of a political party who seeks to become a candidate of the party in the primary election shall execute and file a declaration of candidacy. The declaration...must state in substance...

(5) the name of the political party of which the person is a candidate for nomination...

(12) that the candidate requests that the candidate's name be placed on the primary election ballot...

(16) that the candidate is registered to vote as a member of the political party whose nomination is being sought.

And the Division of Elections confirms that candidates are members of a political party before certifying their candidacy.  The connection between candidate and party is therefore less tenuous than in *Washington*, where a candidate was entitled to merely express a party "preference" regardless of any actual affiliation with the party.

The voter base of the Washington initiative and the Alaska statute also differ.  While under the Washington initiative all voters were permitted to select candidates for each office, under Alaska law political parties are given substantial leeway to determine through their bylaws which voters will select their candidates.  Under AS 15.25.010:

A voter registered as affiliated with a political party may vote that party's ballot. A voter registered as nonpartisan or undeclared rather than as affiliated with a particular political party may vote the political party ballot of the voter's choice unless prohibited from doing so under AS 15.25.014. A voter registered as affiliated with a political party may not vote the ballot of a different political party unless permitted to do so under AS 15.25.014.

Under AS 15.25.014(a), the parties are required to "submit a notice in writing to the director stating whether the party bylaws expand or limit who may participate in the primary election for selection of the party's candidates for elective state executive and state and national legislative offices."  And under AS 15.25.014(b):

Once a political party timely submits a notice and bylaws under (a) of this section...the director shall permit a voter registered as affiliated with another party to vote the party's ballot if the voter is permitted by the party's bylaws to participate in the selection of the party's candidates and may not permit a voter registered as nonpartisan or undeclared to vote a party's ballot if the party's bylaws restrict participation by nonpartisan or undeclared voters in the party's primary.

Political parties in Alaska have the right to have a closed primary, where only members of the political party vote and select the candidate who will advance to the general election.  They have the further option of excluding only certain political parties from their primary elections.  Finally, they

6

have the option to allow all voters to participate in an open primary.  The flexibility afforded
Alaska's political parties to determine who will participate in their primary elections materially
reduces any burden placed on the political parties' associational rights to decide which candidates
will emerge as their standard bearers.

The Plaintiffs stop short of arguing that they are constitutionally entitled to nominate
candidates by convention, admitting that the State may require parties to use the primary format to
select their nominees for the general election ballot under *California Democratic Party v. Jones*.[17]
There, the Supreme Court stated that it is "too plain for argument" that "a State may require parties
to use the primary format for selecting their nominees, in order to assure that intraparty competition
is resolved in a democratic fashion."[18]  Alaska has exercised its right to adopt such a primary
system.  The Alaska statute permits only members of a party to participate in the primary as
candidates for offices representing that party.  It further offers a flexible format which allows parties
to limit the voter base to party members if they so choose.  The burden on associational rights that
the Plaintiffs identify, then, appears to be that, once intraparty competition is resolved in a
democratic fashion, the leadership of the political party is denied the right to veto the decision of the
pool of voters chosen by the political parties.  But the Plaintiffs have offered no authority to support
the existence of such a right except for *Washington*, which is distinguishable.  And since providing
for such a veto right would effectively eviscerate the democratic nature and the historic purposes of
the political primary,[19] the character and the magnitude of the burden on associational rights
identified by Plaintiffs can at best be characterized as minimal.

Consequently, Defendants need only proffer important regulatory interests to justify the
state's primary laws.  Meeting this burden, Defendants explain that the primary system is a
necessary check on the exercise of power by party leadership.  Since the Supreme Court has long

---

[17]    530 U.S. 567 (2000).

[18]    *Id.* at 572.

[19]    *See, e.g., Eu*, 489 U.S. at 227 (noting that "contending forces within the party employ
the primary campaign and the primary election to finally settle their differences," and that "['a]
primary is not hostile to intraparty feuds; rather it is an ideal forum in which to resolve
them.")(citations and quotation marks omitted).

7

recognized the right of states to insist upon the primary format for this very purpose, "to assure that intraparty competition is resolved in a democratic fashion,"[20] and the Alaska statute is a reasonable exercise of this right, the Court concludes that the statute is constitutional under the United States Constitution.

**C.    Summary Judgment Is Also Appropriate Under Alaska Law**

The Alaska Supreme Court employs the same balancing test as the federal courts when assessing whether an election law violates the Alaska Constitution.[21]  While the Alaska Supreme Court has stated that "Alaska's constitution is more protective of rights and liberties than is the United States Constitution," and "therefore...results...under the Alaska Constitution need not correspond with those the Supreme Court might reach under the federal constitution," for the reasons discussed above, the Court believes that the primary election law also passes constitutional muster under Alaska law.[22]  And according to the Alaska Supreme Court, the:

> assumption that political parties should select their candidates directly conflicts with a fundamental policy long embedded in Alaska's election laws: the notion that party candidates should be nominated by an open, public process-that candidates be nominated in a primary election by direct vote of the people and that the candidate receiving the highest number of votes for an office by a political party appear on the general election ballot.[23]

Since the relief Plaintiffs seek would conflict with this fundamental policy of Alaska election law, the Court also enters summary judgment in favor of Defendants on Plaintiffs' claims arising under the Alaska Constitution.

### III.  CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss at Docket No. 8 is DENIED in part because Plaintiffs have sufficiently alleged a case or controversy.  As to the merits, Defendants'

---

[20]    *Jones*, 530 U.S. at 572.

[21]    *State of Alaska, Div. of Elections v. Green Party of Alaska*, 118 P.3d 1054, 1060-1061 (Alaska 2005).

[22]    *Id.* at 1060.

[23]    *O'Callaghan v. State, Dir. of Elections*, 6 P.3d 728, 732 (Alaska 2000)(citations and quotation marks omitted).

motion to dismiss will be treated as one for summary judgment, and is hereby GRANTED.
Plaintiffs' motion for summary judgment at Docket No. 13 is hereby DENIED.

Dated at Anchorage, Alaska, this 19th day of February, 2007.

/s/ Timothy Burgess

Timothy M. Burgess
United States District Judge